UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EDMALDO FIGUERO-MARTINEZ

        Petitioner,

  -vs-

UNITED STATES OF AMERICA

No. 5:15-CR-217
(Hon. Glenn T. Suddaby)
(Chief Judge)

### PETITIONER'S FILE A MEMORANDUM OF LAW TO SUPPORT 28 U.S.C. 2255(f)(1) PETITION

I. Procedural History

AND NOW, Here Comes, Petitioner Edmaldo Figuero-Martinez Pro-Se, who avers the following in turn. Who was Sentence on or about March 27, 2017 upon Count One 21 U.S.C. 846 Conspiracy to Distribute Controlled Substance and sentence to 240 months. Now at this time Petitioner prevails when recieving this sentence and conviction it was not agreed upon under his "Free Will" to accept plea bargain that clearly drove the same sentence if he lost in Trial. Strickland test is met if Petitioner demonstrates "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. "Hill v. Lockhart, 474 U.S. 52, 59(1985). Further, to show prejudice, the defendant must demonstrate that he had a viable trial defense. See(Williams v. US, 2015 U.S. Dist. Lexis 20044 14-cv-0829(KMW) S.D. NY. Feb. 19, 2015)(Ineffective assistance of Counsel due to his Counsel's failure to challenge errors in his PSR) See(US v. Gonzalez, 420 F.3d 111; 2005 U.S. App. Lexis 17961 No. 03-1356 2d Cir. Aug. 22, 2005)(Withdraw of Plea). Petitioner follow in the same relief with the facts of the drug amount being challenge. See(US v. Studley, 47 F.3d 569; 1995 U.S. Appx. Lexis 3012 No. 94-1238 2d Cir. Feb. 13, 1995)(Jointly

1

Undertaken Activity) Petitioner prevails that it was over 19 co-defendants and he was charge with One Kiligram or Less than Three Kilograms of Herion. There is no finding of how Petitioner Sentence and Conviction was driven by 841(b)(1)(A). With this in mind there is no way Petitioner waiver was knowing and voluntarily where Petitioner claims ineffective assistance. See(US v. Oladimeji, 463 F.3d 152, 154(2d Cir. 2006)(enforcing waiver provisionally on direct appeal, but contemplating subsequent 2255 petition "upon which the court could determine whether ineffective assistance of counsel nullified the defendant's waiver of his right to challenge his conviction"); Yushuvayev v. United States, 532 F. Supp. 2d 455, 470-71(E.D. NY. 2008)(interpreting assistance in connection with counsel's reccommendation that Petitioner plea agreement containing waiver). Dued to these factual finding up above and below Petitioner ask Honorable Chief Judge Glenn T. Suddaby to Grant withdrawal of Plea and Re-instate "Notice of Appeal" or in Alternative apply 841(b)(1)(B) or 841(b)(1)(C) and Vacate Sentence and Conviction and proceed to Trial under Interest of Justice.

## SUMMARY OF THE ARGUMENT

GROUND ONE: PETITIONER CHALLENGE COUNSEL WAS INEFFECTIVE FOR NOT WITHDRAWING PLEA WHEN DRUG AMOUNT INSUFFICIENT AS MATTER OF LAW WHICH NOW 841(b)(1)(B) or (C) APPLYS/ COUNSEL FAILED TO FILE "NOTICE OF APPEAL".

Petitioner follows in turn when the "Strickland v. Washington" prongs are met. It's easy to be able to prove the outcome would have been different then what Petitioner receive at Sentencing March 27, 2017 240 months mandatory minimum. When if establish the court should follow in similar case. See(US v. Gonzalez, 420 F.3d 111; 2005 U.S. App. Lexis 17961 No. 03-1356 2d Cir. Aug. 22, 2005)(Challenging drug amount even though 851 enhance-

2

ment apply to his sentence). See(Williams v. US, 2015 U.S. Dist. Lexis 20044 14-cv-0829(KMW) S.D. NY. Feb. 19, 2015)(Counsel ineffective for not challenging error in PSR). When the Court look upon these case's it clear Petitioner would be able to develope the record when counsel failed to investigate total drug amount which could have been use to drive Petitioner sentence. See(US v. Studley, 47 F.3d 569; 1995 U.S. App. Lexis 3012 No. 94-1238 2d Cir. Feb. 13, 1995)(Jointly UnderTaken Activity) See(Mathew v. US, 682 F.3d 180; 2012 U.S. App. Lexis 12146 No. 10-0011-pr 2d Cir. June 12, 2011)(Failure to Investigate) Upon Remand (US v. Mathews, 2014 U.S. Dist. Lexis 27561(N.D. NY. Feb. 28, 2014)(Granted 2255)[1]. Petitioner comesforth to establish "<u>Deficient Performance</u>" it clear when Counsel failed to File a "<u>Notice of Appeal</u>" when ask to do so it's Obvious and Plain the <u>First</u> prong of ("Strickland v. Washington, 466 U.S. at 687") See(Campusano v. United States, 442 F.3d 770(2d Cir. 2006) See(Garcia v. United States, 278 F.3d 134 2002 U.S. App. lexis 1714 No. 00-2525 2d cir. Jan. 28, 2002)(Ineffective When Counsel did not File "Notice of Appeal"), See(Karjohn v. US, 2016 U.S. Dist. 19560 12-cv-5279(SJF) ED NY Feb. 17, 2016)(Evidentiary Hearing dued to a dispute about "Notice of Appeal"). Now Petitioner will follow under the next contention <u>Second</u> prong of ("Strickland v. Washington, 466 U.S. at 692" "To demonstrate prejudice, 'a defendant must show that there is reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different. Petitioner comeforth with the next issue why he does meet prejudice dued to counsel pressuring Petitioner and telling him he could recieve Life Sentence if he proceed to Trial.

Foot Note 1
Docket 139 Hon. Judge Baxter, letter for defendant prior Criminal Possession of a Third Degree Controlled Substance 220.16(1) drop, from B felony to Misdmeanor therefore inapplicable to apply 851 enhancements.

Then the facts were it was over 19 co-defendants under One Kilogram or Less than Three Kilograms of Herion. It was no sufficient evidence to how Petitioner drug amount became 841(b)(1)(A) in the record only equal up by other co-conspirators. This is were counsel displayed "Prejudice" by not arguing Petitioner should have been under 841(b)(1)(B) conviction or 841(b)-(1)(C). At this time Petitioner would have been serving 10 years mandatory minimum or less than 10 years under 841(b)(1)(C). See(Williams v. US, 2015 Dist. Lexis 20044 14-cv-0829(KMW) S.D. NY Feb. 19, 2015)[2] Cites(Johnson v. US, 313 F.3d 815, 2002 U.S. App. Lexis 26474 No. 01-2528 2d Cir. Dec. 23, 2002)(Drug Amount Insufficient) See(US v. Gonzalez, 420 F.3d 111; 2005 U.S. App. Lexis 17961 No. 03-1356 2d cir. Aug. 22, 2005)(Withdraw of Plea/Drug Amount Insufficient). Petitioner apply's these caselaw's to concede his theory that counsel failure to challenge the drug amount cause the plea agreement to be in "Quetsion" as it was not knowing and intentionally Petitioner agree to waive his rights. See(Yushuvayev v. United States, 532 F. Supp. 2d 455, 470-71(E.D. NY. 2008)(interpreting Oladimeji to permit colleteral attacks despite waiver where claim is of ineffective assistance in connection with counsel's reccommendation that Petitioner Plea agreement containing waiver). Upon these reason it's clear Petitioner would not have pleaded guilty and would have insisted on going to Trial. See("Hill v. Lockhart, 474 U.S. 52, 59(1985)".

Wherefore Mr. Martinez prays Honorable Glenn T. Suddaby Chief Judge Grant Counsel Was Ineffective For Not Withdrawing Plea/Not Filing "Notice of Appeal". See(Wims v. US, 255 F.3d 186; 2000 U.S. app. Lexis 23272 No. 94-2210 2d Cir. Sept 14, 2000)(2255 still timely after 17 months).

---

Foot Note 2
Amendment 794 was out when Petitioner was Sentence March 27, 2017 which clearly if raise with the above issue Petitioner would not be accountable to four level leadership enhancement. See(US v. Soborski, 708 Fed. Appx. 6; 2017 U.S. App. Lexis 17459 No. 16-3369 2d Cir. 9/11/17.

## II. CONCLUSION

Petitioner explains Strickland test is met when each prong are met. Petitioner follow that the court re-instate "Notice of Appeal" or Withdraw Plea bargain and apply 841(b)(1)(B) 10 year Mandatory Minimum or under 841(b)(1)(C) less than 10 years. Also in Alternative Vacate Sentence and Conviction and proceed to Trial. See(<u>Raysor v. United States</u>, 647 F.3d 491; 2011 U.S. App. Lexis 15396 No. 09-3871 pr 2d Cir. July 27, 2011)(Court of Appeals For Second Circuit made clear "Disparity" issue between your sentence could establish both <u>Strickland</u> prongs anaylsis).

Date: June 12, 2018

Respectfully Submitted,

Edmaldo Figuero-Martinez
#220051-053
FCI Allenwood Medium
P.O. Box. 2000
White Deer, PA. 17887

### CERTIFICATE OF SERVICE

Edmaldo Figuero-Martinez Pro-Se hereby Certifies that Office of the United States Attorney for the Northern District of New York should recieve Copy Petitioner's File A Memorandum of Law To Support 28 U.S.C. 2255(f)(1) Petition, Upon First Class Mail:

<u>Via Mail</u>

CARLA FREEDMAN ESQ.
ASSISTANT U.S. ATTORNEY
P.O. Box. 7198
100 South Clinton Street
Syracuse, New York 13261-7198

Date: June 12, 2018                                    X

5

Figuero-Martinez Edmaldo
22051-052
Federal Correctional C...
Medium, P.O. Box 2000
White Deer, P.A. 17887

"Legal Mail"

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS BEEN NEITHER OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.

DATE  JUN 13 2018

ALLENWOOD FEDERAL CORRECTIONAL INSTITUTION
WHITE DEER, PA 17887-2500

⇔ 22051-052 ⇔
Clerk Office
100 S Clinton ST
P.O. Box 7198
Syracuse, NY 13261
United States

RECEIVED
JUN 19 2018
U.S. DISTRICT COURT
LAWRENCE K. BAERMAN, CLERK

CERTIFIED MAIL
7016 1370 0000 6548 0994